**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-4535

_____

FRANKLIN CHAVEZ; TERESITA VICTORIA VIZUETA VANEGAS,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A99 596 865 and A99 596 868)
Immigration Judge: Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2012

Before: SLOVITER, GREENAWAY, JR., and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 4, 2012)

_____

OPINION

_____

PER CURIAM

Franklin Chavez and Teresita Victoria Vizueta Vanegas, husband and wife,

1

petition for review of an order of the Board of Immigration Appeals ("BIA" or "Board"), which dismissed their appeal from an Immigration Judge's ("IJ") final removal order. For the following reasons, we will deny the petition for review.

Chavez and his wife arrived in the United States as visitors in 2002 and stayed longer than authorized by their visas. In removal proceedings in 2008, they submitted applications for withholding of removal pursuant to section 241(b)(3) of the Immigration and Naturalization Act ("INA") [8 U.S.C. § 1231(b)(3)], expressing fear of persecution because of membership in a particular social group.1  Chavez clarified in a memorandum that the particular social group was based on three factors: (1) their long-term residence in the United States, (2) their affluence, or the perception of having become affluent in the United States, and (3) their association with highly influential and wealthy people in the United States. A.R. 324. Chavez claimed that because of membership in this social group, he and his wife would likely be targeted for kidnapping and/or extortion in Ecuador.

The IJ determined that the couple's subjective fears were genuine, but that they were not members of a cognizable particular social group. A.R. 31. The IJ found that the proposed particular social group did not meet the "social visibility" and "particularity"

---

1 Although Vanegas submitted her own application, she primarily relied on Chavez's application, noting that her claim was "basically the same" as his. A.R. 138. For ease of reference, we will refer only to Chavez's application. The couple did not seek asylum, as any such claim would have been time-barred. See INA § 208(a)(2)(B) [8 U.S.C. § 1158(a)(2)(B)], A.R. 155. At a merits hearing, they also withdrew any claim for

requirements set forth in <u>In re A-M-E- & J-G-U-</u>, 24 I. & N. Dec. 69 (BIA 2007). A.R. 39-40. The IJ also noted that even if the proposed particular social group met the legal requirements, the record did not support a finding that the couple had "been able to prove a clear probability of harm on account of such proposed membership." A.R. 42.

On appeal, the Board, citing <u>Valdiviezo-Galdamez v. Attorney General</u>, 663 F.3d 582, 603-04 (3d Cir. 2011), noted that this Court had "declined to defer under <u>Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984), to the Board's consideration of 'social visibility' and 'particularity' as additional factors relevant to determining whether a proposed particular social group is legally cognizable." A.R. 4. The Board held, however, that even without consideration of those factors, the proposed social group was not legally cognizable. The BIA further agreed with the IJ that even if Petitioners had established a legally cognizable particular social group, they had not proven a clear probability of persecution. The BIA noted that even though Ecuador has the seventh-highest kidnapping rate in the world, "the United States Department of State's [2008 Human Rights Report: Ecuador, A.R. 304] reported 354 kidnappings and 143 express kidnappings (in which a person is driven around and forced to make withdrawals of personal funds) in a country with approximately 13.8 million people." A.R. 4. The BIA thus found it "speculative to conclude that [Petitioners] will be kidnapped." <u>Id.</u> The BIA also held that the record did "not show that the Ecuadorian

protection under the United Nations Convention Against Torture. A.R. 155.

3

government would be unable or unwilling to protect them from harm." A.R. 4-5. The BIA thus denied relief.

Petitioners filed a timely petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). An individual may not be removed from the United States "if the Attorney General believes that the individual's life or freedom would be threatened in the country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." Yusupov v. Att'y Gen., 650 F.3d 968, 977 (3d Cir. 2011); INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)]. In order to establish eligibility for withholding of removal, a petitioner must show "a 'clear probability,' that is, that 'it is more likely than not' that her life or freedom would be threatened if returned to her country due to her race, religion, nationality, membership in a particular social group, or political opinion." Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008) (citation omitted). The determination of whether an applicant is likely to be persecuted is a factual matter that we review under the substantial evidence test. Huang v. Att'y Gen., 620 F.3d 372, 379, 382-83 (3d Cir. 2010). "[W]e will reverse based on a factual error only if any reasonable fact-finder would be 'compelled to conclude otherwise,' 8 U.S.C. § 1252(b)(4)(B)." Id. at 379.

We need not reach the question of whether Chavez has proposed a legally cognizable particular social group, as we agree with the BIA that he has not shown a clear probability of being persecuted in Ecuador on account of membership in any such group.

4

Substantial evidence in the record supports the BIA's conclusion that the possibility that Chavez and his wife will be kidnapped is speculative. Given the statistics in the record, we are not "compelled to conclude" that it is more likely than not that Chavez and his wife will be kidnapped in Ecuador. Aside from the statistical problem, the record is also devoid of evidence that people in Chavez's proposed social group (wealthy, or perceived to be wealthy, long-time residents of the United States, with connections to influential U.S. citizens) are targeted for persecution in Ecuador. Chavez attempts to bolster this argument with extra-record evidence, submitted in his appendix. We are precluded from considering such evidence. See 8 U.S.C. § 1252(b)(4)(A).

For the foregoing reasons, we will deny the petition for review